Judge Ewing
delivered the Opinion of the Court.
Peentice and Buxton filed their bill to foreclose amortgage against Clark, Rowe and Clark, as mortgagors, and had obtained an interlocutory decree, for the payment- ,, , „ , , , of the money at a future day ot the term; when Burden exhibited- his petition to the Court, stating, that he with x , others held an elder mortgage on the same property, *469 from E. L. Clark, one of the mortgagors to Prentice and Buxton, and who was the sole owner of the property; that he had no knowledge of the suit, or of the mortgage to Prentice and Buxton, until the evening before, and that he does not believe, that either of his co-mortgagees knew any thing of either; and swears to the petition in 1 . , . , -, . , open court, and asks that he and they may be made defendants in said proceedings, or be admitted as parties to the same, and exhibited his mortgage.
The Court overruled the petition, and the money not being paid on the day fixed, entered a final decree, in favor of Prentice and Buxton, foreclosing the mortgage, and directing the sale of the mortgaged property.
The elder mortgagees were, most assuredly, proper and necessary parties. They were interested in the property sought to be sold, held the legal title, and had an equitable priority in the distribution of the proceeds <• 1 r , , . , ,, : , oí sale oí the mortgaged premises; and there is an obvious propriety in bringing all of them before the court • — that the Chancellor may finally settle their respective rights and interests, as well as be able to vest a good title in the purchaser, under the sale. The interest of mortgagors and mortgagees, as well as the safety and security of purchasers, would dictate the propriety of this course. The only legal title to the property is vested in the elder mortgagees, and cannot be passed to the purchasers without having them before the court. If each of several successive mortgagees, could have a decree of sale, in his separate suit, there would be no confidence injudicial sales: the property would be sacrificed, to the injury of debtor and creditor, and the rights of purchasers involved in uncertainty and doubt.
It was the duty of the complainants, if they knew that prior mortgages existed on the same property, to bring the mortgagees before the court. And if the Court is judicially apprized of it, in the progress of the case, it becomes his duty to require the complainant to make them parties, and bring them before the court.
But it is objected, that it was too late after the interlocutory decree. We think otherwise. The case is «still within the power of the Court. And he may, at *470 any time when justice requires it, set aside the interlocutory order. The petitioner is subject to no imputation of negligence; for he availed himself of the first opp0rtun¡ty? after he had notice of the proceedings, to present his petition. Its' prayer should, therefore, have been granted. Besides, it was the duty of the Court, ex officio, for the security of purchasers, while the case was within his control, to compel the complainant to bring the legal claimants of the property before the Court.
It is therefore decreed by the Court, that the decree of the Circuit Court be reversed, an,d the cause remanded, that the petition be allowed, and the complainants compelled to amend their bill, and make the elder mortgagees parties to the same.